## No. 1121.

HENRIETTA GLASS AND HUSBAND VS. AXIE E. MEREDITH AND HUSBAND.

A married woman cannot legally be held responsible as a *negotiorum gestor*, during the existence of the community, even under a showing that she had made use of funds received by her husband for the account of a minor, either as an intermeddler or as the tutor of said minor.

In a suit against a married woman duly separated in property from her husband, no judgment can be rendered against the latter, who is only a nominal party to assist his wife.

APPEAL from the Fourth District Court, Parish of Caldwell. Bridger, J.

*Wear & Barry* for Plaintiffs and Appellees.

*Boatner & Boatner* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. Henrietta Glass is the niece of A. E. Meredith, the defendant, by whom she was taken at the age of two years, after the death of her father and mother, raised and educated and with whom

she lived until the year 1882, when she married at the age of twenty-five years.

The defendant is the wife of Iverson A. Meredith, from whom she was judicially separated in property in the year 1872.

Together, and by act in due form, they adopted plaintiff as their child in the year 1872, having had no issue of their marriage.

The object of plaintiff in this suit is to obtain a judgment against defendant, her aunt, for certain movable property consisting of cattle and of a horse, alleged to have been received for her by the defendant; for the recovery of a sum of $886 69 alleged to have been received for her from the succession of her maternal grandfather; for the additional sum of $1125 as proceeds from the sale of some of her cattle, and for revenues derived from the others; for $225 for the use of her horse, and finally for the sum of $600 as compensation for household work, which she performed during a series of years at defendant's house.

In her answer, the defendant denies that she has received any property or money for account of plaintiff, but avers that her inheritance, consisting of cattle and of money, was received by her husband, I. A. Meredith, who had been appointed tutor to plaintiff, and who alone is accountable therefor. She also reconvened for all sums disbursed by her for the maintenance and education of plaintiff.

The district court rendered judgment in favor of plaintiff in the sum of $830 00 and interests, subject to a credit of $300 00 allowed to defendant on her reconventional demand; the judgment was also in favor of plaintiff, recognizing her ownership of one horse and of 51 head of cattle, condemning defendant in default of due delivery of the same, to pay to plaintiff, as the estimated value thereof, the sum of $483 00 and legal interests.

Defendant appeals, and plaintiff prays for an amendment of the judgment, with a view to an increase of the amount allowed her, and to the entire rejection of the reconventional demand.

The record shows that plaintiff did inherit the sum of $830 00, some 20 head of cattle and one horse from the succession of her grandfather, and that all her inheritance went into the possession and control of either defendant or of her husband.

Plaintiff contends for the theory that all of it went into the hands of her aunt, the defendant; and the latter holds that it went into the possession of her husband.

A careful examination of the voluminous record in the case, and a patient analysis of the evidence, have led us to the conclusion that

Glass vs. Meredith.

the preponderance of the proof in the case, both documentary and parol, is in favor of defendant's theory.

It may be, as contended for by plaintiff, that some of the funds accruing to her from the succession of her grandfather were used in the payment by defendant of a part of the purchase price of a plantation which she acquired after her separation of property from her husband; but the record shows to our entire satisfaction that the funds were not paid over to her by the administrator, but that they were paid to the husband, whose receipt for the same, in his capacity of tutor, is in the record. This is corroborated by the testimony of the administrator and by other satisfactory testimony. We note plaintiff's contention that Meredith had not been legally qualified as tutor; but we are not concerned with that question, under the simple issue which we are called on to determine under the pleadings.

Plaintiff's right of recovery depends upon proof that her funds and other property had been received and appropriated by the defendant after her capacity to contract such an indebtedness had been restored to her under the effect of her separation of property.

The record is absolutely barren of any such proof. We note that defendant does not formally set up title in herself to the undivided half of the cattle which plaintiff claims and which she had caused to be sequestered in this suit. In a proper litigation with Meredith, in whose possession the cattle were found, plaintiff may recover her alleged interest therein, but surely not in the present litigation, in which Meredith is only a nominal party for the purpose of assisting his wife, and in which no judgment is sought against him.

Were it not for his alleged insolvency, we are quite certain that this suit would not have been brought against his wife.

In disposing of the claim in reconvention we adopt the suggestion of defendant in her testimony, wherein she says that during the time that plaintiff was living with her, it never entered into the mind of either to make claims and counter claims for expenses of education and maintenance or for services.

Our conclusion is that the judgment is erroneous on both demands.

Under these views, we obviate the necessity of discussing several exceptions which had been interposed by the defendant, and several bills of exception which contribute to swell the dimensions of the record.

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be annulled, avoided and reversed; that the demands of both plaintiff and defendant be rejected—and that plaintiff's action be dismissed at her costs in both courts.